[NOT FOR PUBLICATION]

United States Court of Appeals
For the First Circuit


No. 96-1972

UNITED STATES,

Appellee,

v.

JERALD J. COHEN,

Defendant - Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Campbell, Senior Circuit Judge, 

and Stahl, Circuit Judge.  



Morris M. Goldings, with whom Richard S. Jacobs and Mahoney, 
Hawkes & Goldings were on brief for appellant. 
Jean B. Weld, Assistant United States Attorney, with whom 
Paul M. Gagnon, United States Attorney, was on brief for 
appellee.



June 25, 1997


Per Curiam. Defendant-Appellant Jerald J. Cohen Per Curiam. 

("Cohen") pled guilty to one count of conspiracy to commit bank

fraud and bank bribery, in violation of 18 U.S.C. 371, 1344,

and 215(a)(1). Cohen's offense conduct involved his

participation in a loan scheme whereby he received nearly $16

million in real estate loans, for which he paid at least $734,500

in "kickbacks" to particular bank officials. On August 20, 1996,

the district court sentenced Cohen to 15 years' imprisonment. At

Cohen's sentencing hearing, the district court denied his request

for a two-level downward adjustment for being a minor participant

under United States Sentencing Guidelines 3B1.2. On appeal,

Cohen's only contention is that the district court committed

clear error when it failed to grant him the downward adjustment.

"Assessing a defendant's role in the offense is a

fact-specific task, suggesting by its very nature 'that

considerable respect be paid to the views of the nisi prius

court.' It follows, therefore, that unless a mistake of law

looms . . . [,] a sentencing court's determination of a

defendant's role will be set aside only for clear error." United 

States v. Tejada-Beltr n, 50 F.3d 105, 110-11 (1st Cir. 1995) 

(quoting United States v. McDowell, 918 F.2d 1004, 1011 (1st Cir. 

1990)). "The defendant bears the burden of proving that he is

entitled to a downward adjustment for his role in the offense."

United States v. Gonz lez Soberal, 109 F.3d 64, 73 (1st Cir. 

1997).

-2-

The Sentencing Guidelines allow the district court to

grant a two-level downward adjustment to a minor participant in

the criminal activity. This departure applies to "any

participant who is less culpable than most other participants,

but whose role could not be described as minimal." U.S.S.G. 

3B1.2, comment. n.3; see United States v. Ocasio, 914 F.2d 330, 

333 (1st Cir. 1989).

Cohen argues that the district court made three errors

in the course of ruling that he was not less culpable than the

other participants in this conspiracy or than the average

participant who commits this offense. He alleges that: (1) the

district court relied on the mere fact that he knowingly

participated in the kickback scheme to conclude that he was as

culpable as the other conspiracy members; (2) the district

court's finding that Cohen was not less culpable than the others

was clearly erroneous in the face of the probation department's

and the U.S. Attorney's1 allegedly contrary assertions; and (3)

the amount of fraudulent loans Cohen received and the bribes he

paid to bank officials had already been taken into account in

establishing the base offense level, implying that consideration

of these amounts in determining that he was not a minor

participant amounted to double-counting. Cohen claims that these

three errors require that we reverse his sentence and remand.
 

1 While the U.S. Attorney's Office apparently conceded that
Cohen was less culpable than the other members of the conspiracy,
the Office made clear at the sentencing hearing that it did not
believe that Cohen was less culpable than the average defendant
who commits this sort of bank fraud.

-3-

Beyond these broad and conclusory assertions, however, he has not

been able to point to facts in the record sufficient to compel

the conclusion that his culpability was significantly less than

that of the other participants in the scheme or -- more to the

point -- that his culpability was less than that of the average

defendant who commits bank fraud and bribery. Nor does Cohen

develop or support his argument that the district court's ruling

regarding his culpability relative to the other conspiracy

participants, contrary to assertions of the parties and the

probation department, is necessarily reversible error.

In addition to noting Cohen's failure to present us

with evidentiary support for a minor participant downward

adjustment, we find no error in the district court's conclusion

that he was not entitled to such an adjustment. The district

court specifically noted that Cohen's conduct, including his

active participation in the conspiracy's intended purposes, made

him at least as culpable as the other criminal participants. The

record specifically reveals that, during a one-and-a-half-year

time period, Cohen repeatedly applied for loans for which he

provided bribes and from which he received considerable benefit.

As sole borrower of four loans, Cohen's role was integral to the

success of the scheme as related to these loans. We find no

error in the district court's refusal to grant Cohen a minor

participant downward adjustment.

Upon full consideration of the record, appellate

briefs, and argument of counsel, we affirm the decision of the

-4-

district court on the basis of its rulings at Cohen's August 20,

1996, Sentencing Hearing.

Affirmed. 

-5-